DEC. (E. S.)       THE STATE use of THOMAS vs. MANN.

A S by her will bequeathed to A W a legacy to be paid to her at her day of marriage; but if she died without lawful issue of her body, then the legacy was to fall over and be paid to E W. A W afterwards married G J, since deceased, and A W is also since deceased, intestate, and without issue—— *Held,* that the legacy vested in A W, and that the limitation over was void.

APPEAL from *Kent* County Court. This action was similar to the preceding, and on the same bond. The replication to the plea of general performance stated, that *Ann Smith,* by her will bequeathed to her granddaughter *Ann Woodall,* (who is since deceased,) the sum of £30, to be paid to her at her day of marriage; but if she should die without lawful issue of her body, that then and in such case the testatrix did bequeath, order and direct, that the legacy aforesaid should fall over and be paid to the said *Ann Woodall's* sister, a certain *Elizabeth Woodall,* now *Elizabeth Thomas,* at whose instance and for whose use this action was brought. That *Ann Smith* appointed *George*

*V. Mann,* since also deceased, her executor, &c. That *Ann Woodall* afterwards intermarried with *George Jackson,* since deceased; that the said *Ann* hath since died intestate, and without issue; and that the said legacy, or any part thereof, not having been paid and satisfied either to the said *Ann,* whilst she was sole, or to *George Jackson* in his life-time, after their intermarriage, or to either of them, became due and payable to the said *Elizabeth Thomas.* The defendant rejoined to the replication, that the original writ in this cause was sued forth before the end or expiration of twelve months from the date of the letters of administration granted to the defendant on the estate of *Ann Smith.* To this rejoinder there was a demurrer, which the court overruled, and gave judgment for the defendant. The plaintiff appealed to this court.

The cause was argued before POLK, NICHOLSON, and JOHNSON, J. by

*James Scott* and *Houston,* for the Appellant; and by *Carmichael,* for the Appellee.

The questions were, that if the legacy vested in *Ann Woodall,* then the limitation over was void, or if the suit was brought before it ought to have been, then tha judgment ought to be affirmed. The decision was upon the ground that the limitation over was void.

JUDGMENT AFFIRMED.